IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Angelica R., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | Case No. 3:21-cv-50369 |
| v. ) | |
| ) | Magistrate Judge Lisa A. Jensen |
| Kilolo Kijakazi, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| *Defendant*. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Angelica R. brings this action under 42 U.S.C. § 405(g) seeking reversal or a remand of the decision denying her applications for a period of disability, disability insurance benefits, and supplemental security income. For the reasons set forth below, it is this Court's report and recommendation that the Commissioner's decision be reversed and the case be remanded. Any objection to this report and recommendation must be filed by January 20, 2023. Failure to object may constitute a waiver of objections on appeal. *See Provident Bank v. Manor Steel Corp.*, 882 F.2d 258, 260 (7th Cir. 1989).

**I. Background**

Plaintiff filed applications for a period of disability, disability insurance benefits, and supplemental security income on April 2, 2019, alleging a disability beginning on that date because of generalized anxiety disorder, depression, and attention deficit hyperactive disorder. R. 64, 75. At the time of the applications, Plaintiff was 24 years old. R. 64.

A remote hearing on Plaintiff's applications was held before an administrative law judge (ALJ) on January 27, 2021. R. 13. The ALJ issued a written decision on February 22, 2021, finding that Plaintiff was not disabled under the applicable sections of the Social Security Act and thus not

1

entitled to benefits. R. 24. At step two of the inquiry, the ALJ found that Plaintiff had the severe impairments of "unspecified disruptive impulse control and conduct disorder; major depressive disorder, recurrent moderate; generalized anxiety and social anxiety disorders; attention deficit hyperactive disorder; and agoraphobia." R. 15–16. At step three, the ALJ concluded that Plaintiff did not meet or equal a listing and in performing this analysis determined that Plaintiff had moderate limitations in understanding, remembering, or applying information; in interacting with others; in maintaining concentration, persistence, or pace; and in adapting or managing herself. R. 17–18. The ALJ found that Plaintiff had the residual functional capacity (RFC)

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember and apply information to perform simple tasks; is able to focus on and complete simple tasks; can make simple decisions and adapt to routine changes in the workplace setting; have no more than occasional contact with coworkers and supervisors, and no contact with the general public; and requires the option to work with a small familiar group of employees not exceeding 8–10 in number.

R. 19. Applying this RFC at step four, the ALJ concluded that Plaintiff could return to her past relevant work as an inspector/packager as that job was actually and generally performed. R. 23. The ALJ made no alternative step-five finding.[1]

After the Appeals Council denied Plaintiff's request for review on July 23, 2021, R. 1, Plaintiff filed the instant action. Dkt. 1.

---

[1] The ALJ concluded his step-four finding with the following paragraph: "The undersigned notes the vocational expert also testified there would be other jobs available in the national economy that an individual with the claimant's assessed residual functional capacity could perform. The vocational expert testified that her testimony was consistent with the information contained in the Dictionary of Occupational Titles. Therefore, the undersigned accepts this testimony pursuant to SSR 00-4p[.]" R. 24 (citations omitted). The ALJ did not conclude that the other jobs exist *in significant numbers*, as required by 20 C.F.R. § 404.1560(c), and the Commissioner does not rebut Plaintiff's contention that this paragraph is an inadequate alternative step-five finding.

## II. Standard of Review

A reviewing court may enter judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). If supported by substantial evidence, the Commissioner's factual findings are conclusive. *Id.* Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (quoting *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 229 (1938)). "An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions." *Butler v. Kijakazi*, 4 F.4th 498, 501 (7th Cir. 2021) (quoting *Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015)). The reviewing court may not "reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021).

## III. Discussion

Plaintiff argues that the ALJ erred by (1) crafting Plaintiff's RFC without including all limitations the state agency psychological consultants (PCs) provided in their opinions, and (2) failing to properly evaluate Plaintiff's subjective allegations. The Court agrees that remand is warranted because the ALJ failed to meaningfully account for the PCs' opinions that Plaintiff "should be able to meet the basic mental demands of competitive, remunerative, 1-2 step tasks on a sustained basis." R. 72, 83, 98, 111.

**A. The One- to Two-Step Task Limitation**

A claimant's RFC is the maximum work she can perform despite any limitations. 20 C.F.R. § 404.1545(a)(1); SSR 96-8p, 1996 WL 374184, at *2 (S.S.A. July 2, 1996). An ALJ must base a

3

claimant's RFC on all relevant evidence in the record, including the claimant's medical history, medical findings and opinions, reports of daily activities, and the effects of the claimant's symptoms and treatment. 20 C.F.R. § 404.1545(a)(3); SSR 96-8p, 1996 WL 374184, at *5. "Although the responsibility for the RFC assessment belongs to the ALJ, not a physician, an ALJ cannot construct his own RFC finding without a proper medical ground and must explain how he has reached his conclusions." *Amey v. Astrue*, No. 09 C 2712, 2012 WL 366522, at *13 (N.D. Ill. Feb. 2, 2012) (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005)). "Essentially, an ALJ's RFC analysis 'must say enough to enable review of whether the ALJ considered the totality of a claimant's limitations.'" *Jarnutowski v. Kijakazi*, 48 F.4th 769, 774 (7th Cir. 2022) (quoting *Lothridge v. Saul*, 984 F.3d 1227, 1233 (7th Cir. 2021)).

The key dispute in this case is whether the ALJ's RFC assessment meaningfully accounted for the opinions of the PCs, who stated:

> the claimant should be able to meet the basic mental demands of competitive, remunerative, *1-2 step tasks* on a sustained basis, in settings of low social contact, including the abilities to understand, carry out, and remember simple instructions; make judgments commensurate with the functions of simple work, i.e., simple work-related decisions; respond appropriately to supervision, coworkers and work situations; & deal with changes in a routine work setting if introduced gradually.

R. 72, 83, 98, 111 (emphasis added). The PCs' use of the phrase "1-2 step tasks" was crucial because "[o]ne- to two-step tasks function as a term of art in the Social Security context." *Schlattman v. Colvin*, No. 12 C 10422, 2014 WL 185009, at *7 (N.D. Ill. Jan. 14, 2014). Under the Dictionary of Occupational Titles (DOT), jobs categorized as Reasoning Development Level 1 (RDL 1) only require workers to "[a]pply commonsense understanding to carry out simple one- or two-step instructions." Components of the Definition Trailer, DOT app. C (4th ed. 1991), 1991 WL 688702. In the Seventh Circuit, "several courts have concluded that a limitation to one- to

4

two-step tasks is the same as a limitation to RDL 1 jobs." *Leon A. v. Kijakazi*, No. 20-CV-939, 2022 WL 3226822, at *5 (N.D. Ill. Aug. 10, 2022); *see Deborah B. v. Kijakazi*, No. 20-CV-7729, 2022 WL 1292249, at *2 (N.D. Ill. Apr. 29, 2022) (collecting cases).

Plaintiff asserts, and the Commissioner does not refute, that a limitation to RDL 1 is inconsistent with the ALJ's step-four finding on this record. Specifically, the ALJ found that Plaintiff could return to her past relevant work at RDL 2, which requires workers to "[a]pply commonsense understanding to carry out detailed but uninvolved written or oral instructions." Inspector and Hand Packager, DOT 559.687-074 (4th ed. 1991), 1991 WL 683797.

The Commissioner argues that the ALJ's rejection of the one- to two-step task limitation can be upheld because "the ALJ was not required to adopt any of the restrictions included in the prior administrative findings, let alone do so verbatim." Def.'s Resp. at 6–7, Dkt. 20. However, as the Commissioner recognizes, the ALJ *was* required to *articulate* how he considered the PCs' findings by addressing their supportability and consistency with other evidence in the record, even if he ultimately rejected their opined limitations. *Id.* at 4–5 (citing 20 C.F.R. § 404.1520c); *see* SSR 96-8p, 1996 WL 374184, at *7 ("The RFC assessment must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence.").

**B. The ALJ's RFC Assessment**

In the ALJ's RFC assessment, he recounted the PCs' findings verbatim, including the one- to two-step task limitation, and then articulated his consideration of those findings as follows:

> The undersigned finds these opinions mostly persuasive, as they are largely supported and consistent with the evidence as a whole, including the claimant's conservative treatment history, her reported abilities, the consultative examinations, and the many normal mental status examination findings. While the undersigned finds the claimant has moderate limitation in adapting and managing oneself,

5

> the undersigned also agrees the claimant is able to make judgments commensurate with the functions of simple work, including making simple work-related decisions and dealing with changes in a routine work setting.

R. 22 (citations omitted). Plaintiff argues that this analysis is inadequate under SSR 96-8p because the ALJ failed to explain why he accepted some of the PCs' recommended limitations while simultaneously rejecting the one- to two-step task limitation. Pl.'s Mot. at 5, Dkt. 13; *see* SSR 96-8p, 1996 WL 374184, at *7 ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted."). The Court agrees.

Merely mentioning the one- to two-step task limitation was not the same as fully addressing and analyzing the PCs' opinions. *Perry v. Colvin*, 945 F. Supp. 2d 949, 965 (N.D. Ill. 2013). To the extent the ALJ did analyze their opinions, he noted only one difference between their conclusions and his, finding that Plaintiff had a moderate rather than a mild limitation in adapting and managing herself. *Compare* R. 22, *with* R. 68, 94. This leaves the Court to guess why the RFC does not include the one- to two-step task limitation from opinions the ALJ found "mostly persuasive." R. 22. SSR 96-8p requires the ALJ to consider "*all* of the relevant evidence in the case record," 1996 WL 374184, at *5 (emphasis in original), which means addressing the consultative psychologists' opinions in their entirety, not just cherry-picking those portions that favor the ALJ's conclusion. *Plessinger v. Berryhill*, 900 F.3d 909, 915 (7th Cir. 2018); *Godbey v. Apfel*, 238 F.3d 803, 808 (7th Cir. 2000); *see, e.g.*, *Perry*, 945 F. Supp. 2d at 964–65.

A failure to comply with SSR 96-8p's narrative discussion requirement "in itself is sufficient to warrant reversal of the ALJ's decision." *Briscoe*, 425 F.3d at 352. However, the Court may still affirm the ALJ's RFC analysis if the ALJ "say[s] enough to enable a review of whether the ALJ considered the totality of a claimant's limitations." *Lothridge*, 984 F.3d at 1233. The Commissioner raises two arguments that the ALJ adequately explained how he considered and

6

rejected the one- to two-step task limitation, but the Court finds that the ALJ did not say enough.

### 1. Plaintiff's Limited Abilities

First, the Commissioner claims that the ALJ's RFC analysis is adequate because although the ALJ "did not include a statement by the reviewing consultants that she could do work that required only [one-] to two-step tasks," the ALJ considered and incorporated all of the limited *abilities* the PCs identified, "includ[ing] the ability to understand, carry out, and remember only simple instructions and make only simple work-related decisions . . . as well as additional restrictions of focusing on and completing only simple tasks and adapting to only routine changes in the workplace." Def.'s Resp. at 6, Dkt. 20.

It is true that the ALJ was not required to adopt the PCs' statement verbatim; "[t]he ALJ need not use any 'magic words' in formulating a person's [RFC]." *Lothridge*, 984 F.3d at 1233 (quoting *Crump v. Saul*, 932 F.3d 567, 570 (7th Cir. 2019)). However, the Court "cannot look at the *absence* of [a] phrase . . . and feel confident th[e] limitation was properly incorporated in the RFC." *Winsted v. Berryhill*, 923 F.3d 472, 477 (7th Cir. 2019) (emphasis in original). This is especially so where the limitation is an either/or proposition: Plaintiff's abilities, however described, either limited her to RDL 1 or did not. *See, e.g.*, *Perry*, 945 F. Supp. 2d at 964 (remanding when it was "unclear from the ALJ's decision how she got from one- or two-step tasks, to a capacity for jobs that, under the DOT, require more."). Here, as the Commissioner acknowledges, the ALJ adopted the PCs' assessment of Plaintiff's limited abilities and then some. The ALJ's decision to then reach the *opposite* conclusion as the PCs, without referencing one- to two-step tasks or RDL 1, is thus more consistent with a failure to consider the totality of Plaintiff's limitations than a careful consideration and rejection of the PCs' opinions regarding her limitations. *See Lothridge*, 984 F.3d at 1233. Therefore, the ALJ must provide further explanation

to enable review of his decision. *See, e.g.*, *Deborah B.*, 2022 WL 1292249, at *2.

### 2. Dr. Heinrichs' Opinion

The Commissioner also argues that the ALJ's omission of the one- to two-step-task limitation finds substantial support in the opinion of Dr. Kenneth Heinrichs, the consultative examiner, whose opinion the ALJ found fully persuasive. Def.'s Resp. at 5–6, Dkt. 20, *see* R. 22. In a paragraph summarizing Plaintiff's performance on a mental status evaluation, Dr. Heinrichs stated:

> Her performance revealed limitations in short-term memory, auditory memory, attention and concentration which would not likely interfere with her ability to understand, remember and carry out simple instructions. Engaging in more complex forms of employment would be more difficult for her, and she would likely require closer supervision. Her levels of understanding and persistence were normal. Her sustained concentration was limited. Her social interaction was appropriate. She would likely be able to adjust to the changing expectations of many work settings.

R. 408. Dr. Heinrichs did not explicitly address one- to two-step tasks or RDL 1. *See* R. 407–08.

The Commissioner appears to be claiming that the ALJ adequately explained his omission of the one- to two-step task limitation by fully adopting an opinion that omitted the one- to two-step task limitation.[2] However, the ALJ himself did not state that he was rejecting the PCs' one- to two-step task limitation because it was absent from Dr. Heinrichs' opinion; on the contrary, the ALJ found the PCs' opinions "largely supported and consistent with . . . the consultative examinations." R. 22. The Commissioner cannot now "attempt to supply a post-hoc rationale" for the ALJ's decision. *Lothridge*, 984 F.3d at 1234–35; *see also Jeske v. Saul*, 955 F.3d 583, 587 (7th

---

[2] The Commissioner also states that "Dr. Heinrichs . . . translated [P]laintiff's moderate limitations in concentration, persistence or pace . . . into an RFC determination." Def.'s Resp. at 5, Dkt. 20. But it was the PCs, not Dr. Heinrichs, who translated his findings into an RFC determination, and they included the one- to two-step task limitation. R. 71–72, 111; *see* 20 C.F.R. § 404.1546(a) (initial responsibility for assessing RFC rests with PCs).

Cir. 2020) ("Our review is limited also to the ALJ's rationales; we do not uphold an ALJ's decision by giving it different ground to stand upon."). Moreover, an unaddressed inconsistency between medical opinions is an inadequate explanation; "if conflicting medical evidence is present, the [ALJ] has the responsibility of resolving the conflict." *Diaz v. Chater*, 55 F.3d 300, 306 n.2 (7th Cir. 1995); *see* 20 C.F.R. § 404.1520c (ALJ must "explain how [he] considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings"). The ALJ did not do so here.

Because the Court cannot determine whether the ALJ considered the totality of Plaintiff's limitations, remand is necessary to ensure the ALJ's finding at step four accounts in a meaningful way for the PCs' opinions. *Lothridge*, 984 F.3d at 1233–34. On remand, the ALJ must specifically address the PC's opinions requiring a one- to two-step task limitation and must reconcile Plaintiff's mental limitations with the demands of her past relevant work, providing a good explanation, supported by substantial evidence, for his conclusions.

In light of the Court's finding regarding the ALJ's RFC determination, the Court need not address Plaintiff's remaining arguments. However, Plaintiff's counsel should raise all issues argued on appeal with the ALJ on remand, both in a pre-hearing brief and at the administrative hearing. Failure to explicitly raise these issues may result in a waiver if this case is again appealed to this Court.

## IV. Conclusion

For the foregoing reasons, it is this Court's report and recommendation that Plaintiff's motion for summary judgment be granted, the Commissioner's motion be denied, and the ALJ's decision be reversed and remanded for further proceedings consistent with this opinion.

Date: January 6, 2023   By: _____
Lisa A. Jensen
United States Magistrate Judge

10